## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**JORDAN OWENS,**

   **Plaintiff,**    **:**

  **v.**          **Case No. 2:22-cv-2001**
             **Judge Sarah D. Morrison**
             **Magistrate Judge Chelsey M.**
             **Vascura**

**MICHAEL JAMESON, *et al.*,**   **:**

   **Defendants.**

## ORDER

On December 15, 2022, the Court stayed these proceedings, including staying all further briefing by all parties. (ECF No. 86.) At the time, there were multiple pending motions. Despite the Court's stay order, Plaintiff filed two new motions after the stay was put into place. This Order first addresses subject-matter jurisdiction before addressing the Magistrate Judge's Show Cause Order and the pending motions.

### I. Subject-Matter Jurisdiction

A court must consider whether it has subject-matter jurisdiction in every case. *See Spencer v. Stork*, 513 F. App'x 557, 558 (6th Cir. 2013) (citing *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)). "[F]ederal Courts, being courts of limited jurisdiction, must examine their subject-matter jurisdiction throughout the pendency of every matter before them." *Children's Healthcare is a Legal Duty, Inc. v. Deters*, 92 F.3d 1412, 1419 n.2 (6th Cir. 1996) (citations and quotations omitted). Jurisdiction arising under 28 U.S.C. § 1331, as is purported here, provides that "the

district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." In determining whether an action "arises under" federal law, the Court is governed by the well-pleaded complaint rule, which requires a federal question be presented on the face of the complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). Accordingly, a case arises under federal law, when it is apparent from the face of the plaintiff's complaint that the plaintiff's cause of action was created by federal law. *Mottley*, 211 U.S. at 152.

Mr. Owens has not specified that he brings this suit pursuant to the Court's federal question jurisdiction. His original complaint contained defective jurisdictional allegations. (*See* ECF No. 1.) However, his Second Amended Complaint ("SAC") and Third Amended Complaint[1] ("TAC") allege violations of his First Amendment rights by the State of Ohio, the Columbus Police Department, the State of Florida, and Clay County. (ECF No. 23, PageID 108, 109, 114, 115.) "An amended complaint supersedes all prior complaints," causing the original complaint to be rendered a "nullity." *Drake v. City of Detroit*, 266 F. App'x. 444, 448 (6th Cir. 2008) (citing *See Pintando v. Miami–Dade Hous. Agency,* 501 F.3d 1241, 1243 (11th Cir. 2007)); *see Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 617 (6th Cir.

---

[1] The Court granted Mr. Owens leave to file the SAC. (ECF Nos. 14, 16.) He subsequently filed the TAC without seeking leave to do so, violating Federal Rule of Civil Procedure 15(a)(2). (ECF No. 34.) The TAC is the same document as the SAC, except that it contains a more recent signature by Plaintiff. (*Compare* SAC *with* TAC.) Because the amendment is of no consequence and Defendants move to dismiss the TAC, the Court finds the TAC to be the operative complaint.

2014). As the Sixth Circuit has highlighted, the leading civil procedure treatise explains that "'[o]nce an amended pleading is interposed, the original pleading no longer performs any function in the case.'" *B&H Med., L.L.C. v. ABP Admin., Inc.*, 526 F.3d 257, 267 n.8 (6th Cir. 2001) (quoting Wright, Miller & Kane, 6 Fed. Prac. & Proc. Civ. § 1476 (2d ed. 1990)); *accord* Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1476 (3d ed. Apr. 2023 Update). Because the TAC is the controlling pleading, it logically follows that subject-matter jurisdiction must be analyzed under it rather than the nullified original complaint.

The Court has jurisdiction over Mr. Owens's First Amendment claims.[2] Once the Court confirms that it has original jurisdiction over some claims in the action, it can exercise supplemental jurisdiction over additional claims and parties part of the

---

[2] To the extent that Mr. Owens' brings a *qui tam* action on behalf of the United States under the False Claims Act (*see* ECF Nos. 10, 49), the Court lacks subject matter jurisdiction to hear a *qui tam* action brought on behalf of the United States by a *pro se* litigant. *See McGhee v. Light*, 384 F. Supp. 3d 894, 897 (S.D. Ohio 2019) (Newman, M.J.); *Brantley v. Title First Titling Agency*, No. 1:12-CV-608, 2012 WL 6725592, at *3 (S.D. Ohio Sept. 27, 2012) (Bowman, M.J.), *report and recommendation adopted,* No. 1:12CV608, 2012 WL 6725591 (S.D. Ohio Dec. 27, 2012); *U.S. ex rel. Szymczak v. Covenant Healthcare Sys., Inc.*, 207 F. App'x 731, 732 (7th Cir. 2006) ("[A] *qui tam* relator—even one with a personal bone to pick with the defendant—sues on behalf of the government and not himself. He therefore must comply with the general rule prohibiting nonlawyers from representing other litigants."). Written consent from the Attorney General prior to dismissal under 31 U.S.C. § 3730(b)(1) need not be obtained given the Court's lack of subject-matter jurisdiction. (*See* ECF No. 49, PageID 330.)

Also, the Clerk interpreted Mr. Owens's original complaint caption as naming the United States as a Defendant, but Mr. Owens's motion explained that was an error and he meant for the United States to be named as a plaintiff under False Claims Act. (ECF No. 10, PageID 35.) Thus, the Clerk is **DIRECTED** to terminate the United States as a defendant.

same case or controversy. 28 U.S.C. § 1367(a); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966); *Harper v. Auto All. Int'l, Inc.*, 392 F.3d 195, 209 (6th Cir. 2004) (holding that claims are part of the same case or controversy if they derive from a "common nucleus of operative facts"). Thus, to address the Show Cause Order and the pending motions, the Court will exercise its supplemental jurisdiction over Mr. Owens's other claims.

## II.    Show Cause Order

On December 6, 2022, the Magistrate Judge put on a Show Cause Order directing Mr. Owens to show cause why he failed to timely serve certain Defendants and why he has not prosecuted his claims against the State of Florida. (ECF No. 79).

In apparent response to the Show Cause Order, Mr. Owens filed a Motion to Show Cause (ECF No. 83), Motion for Relief Judgment/Proceedings (ECF No. 84), and a Motion to Correct Statement (ECF No. 87). Mr. Owens's motions omit a cogent explanation for why service has not been effectuated against certain Defendants and for why he has failed to obtain an entry of default against the State of Florida. His motions are **DENIED**.

Defendants Christina Pagura, Michael Yashko, Escambia County, and Clay County are **DISMISSED without prejudice** for failure to effect service. Defendant the State of Florida is **DISMISSED** for want of prosecution.

## III.    Motion to Dismiss Filed by the State of Ohio (ECF No. 72)

The State of Ohio filed a Motion to Dismiss the TAC under both 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, arguing that sovereign immunity

4

bars Mr. Owens's claims and that he has failed to state a claim against it. (ECF No. 72.) Mr. Owens opposes the Motion. (ECF No. 81.)

The Eleventh Amendment states that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of a Foreign State." U.S. Const. amend. XI. The amendment "'denies to the federal courts authority to entertain a suit brought by private parties against a state without its consent.'" *Maben v. Thelen*, 887 F.3d 252, 270 (6th Cir. 2018) (quoting *Ford Motor Co. v. Dep't of Treasury of Indiana*, 323 U.S. 459, 464 (1945)). Ohio has not waived its sovereign immunity in federal court. *See Jones v. Hamilton Cty. Sheriff*, 838 F.3d 782, 786 (6th Cir. 2016). Thus, Mr. Owens's state-law claims against Ohio are barred by sovereign immunity and those claims are **DISMISSED without prejudice**.

This prohibition also applies to 42 U.S.C. § 1983 suits against the State of Ohio. *Cady v. Arenac Cty.*, 574 F.3d 334, 342 (6th Cir. 2009). Thus, to the extent that Mr. Owens seeks to bring First Amendment claims against Ohio, those claims are barred as well. Such claims are **DISMISSED without prejudice**.

The State of Ohio's Motion to Dismiss is **GRANTED**.

## IV.    Plaintiff's Motion to Dismiss or to Change Venue

In response to the Motion to Dismiss filed by Defendants Columbus Police Department, City of Columbus, Ohio, Shannon Hardin, and Linda Capobianco (ECF No. 57), Mr. Owens filed a Response and Motion to Dismiss This Claim Without Prejudice or Motion to Change Venue (ECF No. 78). Mr. Owens's Motion to Dismiss

5

is **GRANTED** and his claims against Columbus Police Department, City of Columbus, Ohio, Shannon Hardin, and Linda Capobianco are **DISMISSED without prejudice**. The Motion to Dismiss filed by Defendants Columbus Police Department, City of Columbus, Ohio, Shannon Hardin, and Linda Capobianco is **DENIED as moot**.

## V.    Plaintiff's Remaining Motions

Plaintiff's Motion to amend the Complaint (ECF No. 66) is **DENIED**. *See Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 330 (1971) ("It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court.")

Plaintiff's Motion to Compel (ECF No. 93), which the Court interprets as a motion to disqualify the undersigned, is DENIED. The standard for recusal under 28 U.S.C. § 455 is "not based on the subjective view of a party," *Burley v. Gagacki*, 834 F.3d 606, 615–16 (6th Cir. 2016), but an objective standard, and the "moving party bears the burden of justifying disqualification," *Consol. Rail Corp. v. Yashinsky*, 170 F.3d 591, 597 (6th Cir. 1999); *Dehen v. Ohio State Univ.*, No. 2:23-CV-517, 2023 WL 2988458, at *2 (S.D. Ohio Apr. 10, 2023). Mr. Owens has not met his burden.

## VI.    Supplemental Jurisdiction Over Mr. Owens's Remaining Claims

Supplemental jurisdiction is a matter of judicial discretion and "need not be exercised in every case in which it is found to exist." *United Mine Workers of Am.*, 383 U.S. at 726. Here, having dismissed Mr. Owens's federal claims (which were only against the State of Ohio, the Columbus Police Department, the State of

Florida, and Clay County), the Court declines to continue to exercise supplemental jurisdiction over his state-law claims. Exercising supplemental jurisdiction would not serve judicial economy, convenience, or comity, and therefore it declines to do so. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988).

Mr. Owens's claims against these Defendants are **DISMISSED without prejudice**: Michael Jameson, Willis Law Firm LLC, Mike Thompson, Karen Phelps, Chemical Abstract Services, Chase Bank, Westwind Associate Inc., T&R Properties, Robert Sabatino, Lucy Bolivia, Jennifer Lazo, and Pensacola State College.

## VII.   CONCLUSION

The State of Ohio's Motion to Dismiss (ECF No. 72) is **GRANTED**.

Mr. Owens's Response and Motion to Dismiss This Claim Without Prejudice or Motion to Change Venue (ECF No. 78) is **GRANTED**.

These motions are **DENIED**: Motion to Show Cause (ECF No. 83); Motion for Relief Judgment/Proceedings (ECF No. 84); Motion to Correct Statement (ECF No. 87); Motion to Amend the Complaint (ECF No. 66); and Motion to Compel (ECF No. 93).

These motions are **DENIED AS MOOT**: Motion to Dismiss filed by Defendants Columbus Police Department, City of Columbus, Ohio, Shannon Hardin, and Linda Capobianco (ECF No. 57); certain Defendants' Motion to Dismiss (ECF No. 52); Defendant Chemical Abstract Services Motion to Dismiss (ECF No. 54); Motion to Dismiss filed by Defendants Judge Karen Phillips and Magistrate Myron Thompson (ECF No. 61); Defendant Chase Bank's Motion to Dismiss (ECF

No. 76); Plaintiff's Objection to Answer of CAS and Motion to Strike the Defenses (ECF No. 80); and Pensacola State College's Motion to Dismiss (ECF No. 85).

The Clerk is **DIRECTED** to **TERMINATE** this case from the docket records of the United States District Court for the Southern District of Ohio.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**